NOT DESIGNATED FOR PUBLICATION

No. 112,300

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LORETTA LYNN ALEXANDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 13, 2015. Affirmed in part, reversed in part, and remanded for further proceedings.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S.J.

*Per Curiam*: Loretta Alexander, having pleaded guilty to theft, appeals her sentence. The district court sentenced Alexander to 12 months' probation with an underlying 12-month prison term. We reverse in part and affirm in part.

The facts of this case are undisputed. In March 2014, Alexander pleaded guilty to theft. Before sentencing, Alexander filed an objection to her criminal history score. Alexander argued that based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), her May 1993 burglary conviction should not have been scored as a person felony

1

because it occurred before the Kansas Sentencing Guidelines Acts (KSGA) took effect on July 1, 1993. The district court determined Alexander's criminal history score was correct and sentenced her to 12 months' probation with an underlying 12-month prison term.

Alexander now argues the district court erred in scoring her pre-KSGA burglary conviction as a person felony because the judge's finding that her 1993 conviction was for burglary of a dwelling violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and because under *Murdock* all pre-KSGA convictions should be scored as nonperson felonies. Alexander also claims that her Sixth and Fourteenth Amendment rights were violated when her criminal history, which had not been proved to a jury beyond a reasonable doubt, was used to increase her sentence. Both of Alexander's issues are properly before us. See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

*Scoring pre-KSGA burglary convictions*

Whether a prior conviction was properly classified as a person or nonperson felony is a question of law, over which we have unlimited review. 301 Kan. at 1034.

The State concedes that under *State v. Dickey* the district court erred in scoring Alexander's pre-KSGA burglary conviction as a person felony. In *Dickey*, the district court scored the defendant's 1991 burglary conviction as a person felony. 301 Kan. at 1022. The Supreme Court determined in order to score the defendant's burglary conviction as a person felony under K.S.A. 2014 Supp. 21-6811(a), which prescribes how pre-KSGA burglary convictions are to be classified for criminal history purposes, the district court had to find that the defendant burglarized a dwelling. 301 Kan. at 1021. And because the 1991 burglary statute did not include a dwelling element, the Supreme Court concluded the district court's finding was constitutionally prohibited under *Apprendi* and

2

*Descamps v. United State*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). 301 Kan. at 1021.

Likewise, here, the district court found that Alexander had burglarized a dwelling, even though her burglary conviction was based on K.S.A. 1992 Supp. 21-3715, which also does not include a dwelling element. According to Dickey, that finding violated *Apprendi and Descamps*. Therefore, the district court erred in scoring Alexander's pre-KSGA burglary conviction as a person felony.

*Using criminal histories to increase sentences*

Alexander concedes that in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), the Kansas Supreme Court held that the use of a defendant's criminal history to increase his or her sentence, even if it was not proved beyond a reasonable doubt before a jury, did not violate *Apprendi*. This issue is raised only to preserve it for federal review.

Alexander misconstrues *Apprendi* but is correct about the Supreme Court's decision in *Ivory*. See 273 Kan. at 46-48. And we are duty bound to follow Kansas Supreme Court precedent, unless it indicates it is departing from its previous position. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). The Supreme Court has not indicated such a departure. See *State v. Barber*, 302 Kan. ___, 353 P.3d 1108, 1122-23 (2015). Thus, the district court did not err in using Alexander's criminal history to increase her sentence.

Affirmed in part, reversed in part, and remanded for further proceedings.